**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 116899

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Maritza Alvarado, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Unifund CCR, LLC and Distressed Asset Portfolio III, LLC,<br><br>Defendants. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Maritza Alvarado, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Unifund CCR, LLC and Distressed Asset Portfolio III, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff Maritza Alvarado is an individual who is a citizen of the State of New York residing in Queens County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Unifund CCR, LLC, is a New York Limited Liability Company with a principal place of business in Albany County, New York.

8. On information and belief, Defendant Distressed Asset Portfolio III, LLC, is an Ohio Limited Liability Company registered to do business in New York State.

9. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendants allege Plaintiff owes a debt ("the Debt").

12. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the Debt Plaintiff fell behind on payments owed.

14. Thereafter, at an exact time known only to Defendants, the debt was assigned or otherwise transferred to Unifund CCR, LLC for collection.

15. In their efforts to collect the debt, Defendants contacted Plaintiff by letter ("the Letter") dated November 20, 2018. (**Exhibit 1.**)

16. The letter was the initial communication Plaintiff received from Defendants.

17. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g(b)

18. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

19. 15 U.S.C. § 1692g(a) provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector

shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

20. 15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

21. 15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

22. 15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

23. 15 U.S.C. § 1692g(b) provides, "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

24. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other language in the communication.

25. A communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

26. A collection letter overshadows the validation notice if it is formatted in a manner such that the validation notice is visibly inconspicuous.

27. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

28. A debt collector has the obligation, not just to convey the required information, but also to convey such effectively.

29. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly, so that the least sophisticated consumer will not be uncertain as to her rights.

3

30. A debt collector has the obligation, not just to convey the required information, but also to convey such effectively, so that the least sophisticated consumer will not be uncertain as to her rights.

31. The Letter sets forth certain language in all capital typeface.

32. The Letter sets forth, "* PLEASE SEE SECOND PAGE FOR IMPORTANT INFORMATION *". (Emphasis in original).

33. While the Letter directs the reader to the second page, the required 15 U.S.C. § 1692g rights are not located there.

34. Rather, the required 15 U.S.C. § 1692g rights are on the first page of the letter, buried within the body of the Letter.

35. The 15 U.S.C. § 1692g rights, relative to the other language in the Letter, is visually inconspicuous.

36. The 15 U.S.C. § 1692g rights cannot be readily discerned from the rest of the body of the Letter.

37. The 15 U.S.C. § 1692g rights cannot be readily discerned from the rest of the deemphasized writing of the Letter.

38. The Letter contains no visually conspicuous transitionary language, such as "See Important Notice Below," directing Plaintiff's attention to the 15 U.S.C. § 1692g rights.

39. The Letter does not otherwise direct the consumer's attention to the 15 U.S.C. § 1692g rights in any way.

40. There is no transitional language directing the reader to the 15 U.S.C. § 1692g rights. Rather, the reader is specifically directed away from the rights, to the second page of the Letter.

41. While other information in the Letters is set forth conspicuously, the 15 U.S.C. § 1692g rights are positioned in such a way that it discourages the least sophisticated consumer from reading it.

42. While other information in the Letters is set forth conspicuously, the 15 U.S.C. § 1692g rights are positioned in such a way to encourages the least sophisticated consumer to believe that the language is unimportant.

43. While other information in the Letters is set forth conspicuously, the 15 U.S.C. § 1692g rights are positioned in such a way that it discourages the least sophisticated consumer

from reading them.

44. While other information in the Letters is set forth conspicuously, the 15 U.S.C. § 1692g rights are positioned and deemphasized in such a way that it discourages the least sophisticated consumer from exercising her rights.

45. The format of the Letter overshadows the consumer's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

46. The format of the Letter overshadows the consumer's right to demand verification of the debt, in violation of 15 U.S.C. § 1692g(b).

47. The format of the Letter overshadows of the consumer's right to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b).

48. The format of the Letter is inconsistent with the consumer's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

49. The format of the Letter is inconsistent with the consumer's right to demand verification of the debt, in violation of 15 U.S.C. § 1692g(b).

50. The format of the Letter is inconsistent with the consumer's right to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b).

51. The format of the Letter makes the letter reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692e**

52. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

53. The Letter states that Plaintiff owes a debt to "Distressed Asset Portfolio III, LLC."

54. At the time of the Letter, Plaintiff did not owe any money to Distressed Asset Portfolio III, LLC.

55. Plaintiff does not owe any money to Distressed Asset Portfolio III, LLC.

56. Plaintiff never contracted with Distressed Asset Portfolio III, LLC.

57. Plaintiff never incurred a debt to Distressed Asset Portfolio III, LLC.

58. Plaintiff does not have an account with Distressed Asset Portfolio III, LLC.

59. 15 U.S.C. § 1692e(2)(A) prohibits a debt collector from making a false

representation of the character, amount, or legal status of any debt.

60. 15 U.S.C. § 1692e(10) prohibits a debt collector's use of any false representation or deceptive means to collect or attempt to collect any debt.

61. Defendants' allegation that Plaintiff owed money to Distressed Asset Portfolio III, LLC is a false representation of the character, amount, or legal status of any debt.

62. Defendants' allegation that Plaintiff owes any money to Distressed Asset Portfolio III, LLC is a false representation of the character, amount, or legal status of any debt.

63. Defendants' request that Plaintiff make payment for a debt that she does not owe is a false representation or deceptive means to collect or attempt to collect any debt.

64. For these reasons, Defendants' violated 15 U.S.C. § 1692e.

## CLASS ALLEGATIONS

65. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendants attempted to collect a consumer debt using a collection letter substantially similar to the Letter herein, from one year before the date of this Complaint to the present.

66. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

67. Defendants regularly engage in debt collection.

68. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts using a collection letter substantially similar to the Letter herein.

69. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

70. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class

6

not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

71. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

72. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Certify this action as a class action; and

b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

c. Find that Defendants' actions violate the FDCPA; and

d. Grant damages against Defendants pursuant to 15 U.S.C. § 1692k; and

e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Grant Plaintiff's costs; together with

g. Such other relief that the Court determines is just and proper.

DATED: January 29, 2019

          **BARSHAY SANDERS, PLLC**

          By:   */s/ Craig B. Sanders*
          Craig B. Sanders, Esq.
          100 Garden City Plaza, Suite 500
          Garden City, New York 11530
          Tel: (516) 203-7600
          Fax: (516) 706-5055
          csanders@barshaysanders.com
          *Attorneys for Plaintiff*
          Our File No.: 116899